
FILED

FEB 21 2018

Clerk, U S District Court
District Of Montana
Billings

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

UNITED STATES OF AMERICA,

Plaintiff/Respondent,

vs.

WALTER MITCHELL STEWART, JR.,

Defendant/Movant.

Cause No. CR 12-86-BLG-SPW
CV 17-08-BLG-SPW

ORDER DENYING § 2255 MOTION AND DENYING CERTIFICATE OF APPEALABILITY

This case comes before the Court on Defendant/Petitioner Stewart's petition for writ of habeas corpus under 28 U.S.C. § 2241. Stewart is a federal prisoner proceeding pro se.

On January 17, 2017, Stewart was advised that the Court intended to recharacterize his habeas petition under 28 U.S.C. § 2241 as a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Stewart was given an opportunity to withdraw the petition or to allege any additional claims for relief he wanted the Court to consider. *See* Order (Doc. 155) at 1-2; *Castro v. United States*, 540 U.S. 375, 377 (2003). On January 26, 2017, Stewart responded by agreeing to recharacterization and asking the Court to consider the claim in his § 2241 petition. *See* Resp. to Order (Doc. 156).

At that point, the Court realized Stewart's appeal of the revocation of his

1

supervised release was still pending in the Court of Appeals. Thereafter, Stewart filed a motion for the appointment of counsel and another motion under 28 U.S.C. § 2255.

## I. Background

On September 20, 2012, Stewart was indicted on two counts of abusive sexual contact, violations of 18 U.S.C. § 2244(a)(3), involving two different victims. Due to the victims' ages, the maximum penalty for each count was four years in prison. *See* 18 U.S.C. § 2244(a)(3), (c). Jurisdiction was predicated on the Major Crimes Act, 18 U.S.C. § 1153(a). Stewart's first lawyer, Assistant Federal Defender David Merchant, withdrew due to a conflict of interest. Replacement counsel Vernon Woodward withdrew due to "a substantial and irremediable disagreement on strategy and tactics." Mot. to Withdraw (Doc. 35) at 1. Counsel Matthew J. Wald was appointed on January 3, 2013 (Doc. 38).

On January 17, 2013, the United States filed a superseding indictment alleging the same two counts as the original indictment and adding one count of failure to register as a sex offender with the enhancement for commission of a crime of violence, a violation of 18 U.S.C. § 2250(a) and (c)(1) (now (d)(1)) ("Count 3"); and one count of committing a felony sex offense against a minor while required to register as a sex offender, a violation of 18 U.S.C. § 2260A ("Count 4"). *See* Superseding Indictment (Doc. 43) at 3-4. If convicted on Count

3 and also Count 1 or Count 2, Stewart faced a mandatory minimum sentence of five years and a maximum of 30 years, consecutive to the sentence imposed on Counts 1 or 2. If convicted on Count 4 and also Count 1 or Count 2, Stewart faced a mandatory prison term of ten years consecutive to the sentence imposed on Counts 1 or 2. *See* 18 U.S.C. §§ 2250(c) (now (d)), 2260A. Thus, if convicted on all four counts, Stewart faced a minimum penalty of 15 years in prison and could have been sentenced to as much as 48 years in prison.

The parties reached a plea agreement. On May 24, 2013, the United States filed a superseding information charging Stewart with failure to register as a sex offender, a violation of 18 U.S.C. § 2250(a). *See* Superseding Information (Doc. 57) at 1-2. The charge of failure to register carried a ten-year maximum and no minimum penalty. *See* 18 U.S.C. § 2250(a). On May 28, 2013, the parties filed a plea agreement and an offer of proof (Docs. 59, 60).

On June 6, 2013, the parties appeared in open court for a change of plea hearing. United States Magistrate Judge Carolyn S. Ostby noted discrepancies in the elements of the offenses as listed in the plea agreement, the superseding information, and the offer of proof. A recess was taken to correct the errors, and the change of plea hearing proceeded on an amended superseding information, an amended plea agreement, and the original offer of proof. *See* Change of Plea Tr. (Doc. 73) at 2:15-7:15. Under oath, Stewart admitted he was required to register as

3

a sex offender because he had been convicted of abusive sexual contact in federal court in 1995. He also admitted he had changed his address in March of 2012 without updating his registration. *Id.* at 31:4-15. He pled guilty and a sentencing date was set. *Id.* at 34:12-35:12.

Six days later, acting *pro se*, Stewart submitted a motion to withdraw his guilty plea (Doc. 69). On June 17, 2013, counsel notified the Court that he had met with Stewart, they discussed the matter, and Stewart did not wish to withdraw his guilty plea (Doc. 71). On June 19, 2013, Stewart, again acting *pro se*, moved the Court for new counsel (Doc. 74). A hearing was held. On June 20, 2013, Stewart withdrew his guilty plea, his motion for new counsel was denied, and trial was set for July 23, 2013. Order (Doc. 77).

On July 3, 2013, however, Stewart again moved to change his plea from not guilty to guilty (Doc. 79). A second change of plea hearing was held on July 10, 2013, based on the amended plea agreement and amended superseding information filed on June 6 (Docs. 63, 64). Stewart again admitted, under oath, that he was required to register as a sex offender and had changed his address in March of 2012 without updating his registration. *See* Change of Plea Tr. (Doc. 96) at 46:14-47:20. He pled guilty and a sentencing date was set. *Id.* at 49:22, 53:16-18.

Sentencing was held on October 23, 2013. Stewart's base offense level under the Sentencing Guidelines was 16. He received a three-level reduction for

4

acceptance of responsibility. With a total offense level of 13 and a criminal history category of V, his advisory guideline range was 30 to 37 months. *See* Presentence Report ¶¶ 37-46, 58; U.S.S.G. ch. 5 Part A (Sentencing Table). Stewart was sentenced to serve 36 months in prison, to be followed by ten years' supervised release. Minutes (Doc. 88); Judgment (Doc. 89) at 2-3.

Stewart appealed. New counsel, Assistant Federal Defender David Ness, was appointed to represent him. The case was remanded for reconsideration of a special condition of supervised release. *See* Mem. (Doc. 112) at 2-3, *United States v. Stewart*, No. 13-30319 (9th Cir. Jan. 8, 2015). After a hearing on March 24, 2015, the condition was amended and reimposed, and an amended judgment was entered. *See* Minutes (Doc. 116); Am. Judgment (Doc. 122).

Stewart again appealed. *See* Notice of Appeal (Doc. 119). On December 19, 2016, the Court of Appeals affirmed Stewart's original sentence. Mem. (Doc. 151) at 2, *United States v. Stewart*, No. 15-30086 (9th Cir. Dec. 19, 2016). Stewart's conviction became final on March 19, 2017.

Meanwhile, on March 25, 2015, Stewart was released from federal prison and transferred to state custody. On August 14, 2015, he began serving his ten-year term of federal supervised release. Ten days later, on August 24, 2015, the United States Probation Office filed a petition to revoke his supervised release. On September 30, 2015, Stewart admitted he failed to report to the probation office

5

when he was released. He also admitted he consumed alcohol the day after he was released; a breath test registered a 0.248 blood-alcohol concentration. Stewart's supervised release was revoked and he was sentenced to serve seven more months in prison, to be followed by 113 months' supervised release. *See* Pet. to Revoke (Doc. 129); Minutes (Doc. 138); Revocation Judgment (Doc. 139).

Stewart appealed the revocation. *See* Notice of Appeal (Doc. 142). On December 19, 2016, the Court of Appeals granted counsel's motion to withdraw, denied Stewart's motion for new counsel, and affirmed the revocation judgment. Mem. (Doc. 154) at 2, *United States v. Stewart*, No. 15-30298 (9th Cir. Dec. 19, 2016). Stewart's *pro se* petitions for rehearing and rehearing en banc were denied on May 12, 2017. *See* Order, No. 15-30298 (9th Cir. May 12, 2017).

In February 2016, a Montana state court revoked Stewart's suspended sentence for a 2002 criminal endangerment conviction. He is currently serving a ten-year sentence in state custody. *See* CON Network, http://app.mt.gov (Feb. 15, 2018).

## II. Preliminary Review

Before the United States is required to respond, the Court must determine whether "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also* Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts. A

petitioner "who is able to state facts showing a real possibility of constitutional error should survive Rule 4 review." *Calderon v. United States Dist. Court*, 98 F.3d 1102, 1109 (9th Cir. 1996) ("*Nicolas*") (Schroeder, C.J., concurring) (referring to Rules Governing § 2254 Cases). But the Court should "eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." Advisory Committee Note (1976), Rule 4, Rules Governing § 2254 Cases, *cited in* Advisory Committee Note (1976), Rule 4, Rules Governing § 2255 Proceedings.

### III. Claims and Analysis

Throughout the time his appeals were pending, Stewart, acting *pro se*, submitted documents to this Court. On April 2, 2014, the presiding judge entered an order stating that no action would be taken on Stewart's submissions while direct review was ongoing (Doc. 106). As a timely § 2255 motion is now before the Court, all of Stewart's *pro se* submissions have been reviewed. Some of these submissions, *see* Docs. 103, 105, 110, 144, 156, contain no discernible claims and so are not addressed.

Stewart contends that he pled guilty under duress and was "bullied" into pleading guilty. *See* Doc. 104 at 1; Doc. 153 at 2; *see also* Doc. 107 at 1-2. Many defendants do not like their choices, but that does not mean their pleas are involuntary. A defendant who pleads guilty to avoid the death penalty, for

example, is not pleading guilty involuntarily. *See, e.g., Brady v. United States*, 397 U.S. 742, 750 (1970). Stewart knew he could choose either to go to trial or to plead guilty. He knew what he would be entitled to at trial and what he would give up if he pled guilty. His guilty plea was knowing, voluntary, and intelligent. *See, e.g.*, Change of Plea Tr. (Doc. 96) at 18:5-19:14, 23:1-24, 25:9-15, 26:3-27:19, 28:14-31:1, 38:19-45:9, 50:2-15, 53:21-54:13.

Stewart claims counsel was ineffective because he did not assert defenses to jurisdiction based on Stewart's tribal membership, the tribal court's dismissal of charges, and the fact he was on tribal land at the time of the offense. *See* Doc. 107 at 1-2; Doc. 162 at 4. 18 U.S.C. § 2250 is a law of nationwide applicability. The federal court had jurisdiction under 18 U.S.C. § 3231. *See, e.g., United States v. Begay*, 42 F.3d 486, 497-500 & n.19 (9th Cir. 1994) (citing *United States v. Blue*, 722 F.2d 383, 385-86 (8th Cir. 1983)); *see also United States v. Phillips*, 597 Fed. Appx. 688, 690 (3d Cir. 2015) (unpublished); *United States v. Drapeau*, 414 F.3d 869, 877-78 (8th Cir. 2005). As tribal charges against Stewart were dismissed without trial, he cannot make a double jeopardy argument. *See* Doc. 69 at 2.

Stewart avers the United States should have been required to prove his prior conviction beyond reasonable doubt. *See* Doc. 107 at 2. The United States was not required to prove again the elements of the sex offense underlying Stewart's obligation to register, but it was required to prove he had been convicted of a sex

offense. *See* Change of Plea Tr. (Doc. 96) at 45:18-21. This requirement was met when Stewart admitted the previous conviction and pled guilty to failing to register. *See id.* at 46:17-19. Had Stewart not pled guilty, there is no reason to suppose the United States would have been unable to prove the prior conviction beyond reasonable doubt. *See id.* at 48:5-7; *see also* Presentence Report ¶ 53; Judgment (Doc. 71), *United States v. Stewart*, No. 95-23-BLG-JDS (D. Mont. Dec. 5, 1995). Stewart cites *Descamps v. United States*, 570 U.S. 254 (2013), *cited in* Doc. 107 at 2, but it has no bearing on this claim.

Stewart claims counsel should have argued the evidence was not sufficient to convict him, *see* Doc. 107 at 2; Doc. 162 at 4, but it was, *see* Offer of Proof (Doc. 60) at 3-4.

Stewart contends a probation officer compelled him to register as a sex offender in 2008 but no court ever ordered him to do so. *See* Doc. 107 at 2. Congress and the Attorney General required Stewart to register. *See* Sex Offender Registration and Notification Act ("SORNA"), 34 U.S.C. §§ 20911(1), (5)(A)(iii), 20913(a), (c) (formerly 42 U.S.C. §§ 16911, 16913); 75 Fed. Reg. 81849-01, 81852 (Dec. 29, 2010) (eff. Jan. 28, 2011).

Stewart alleges that he would not have pled guilty in 1995 if he had known he would be required to register as a sex offender. *See* Doc. 107 at 2. He further alleges his 1995 conviction was not valid because he pled "no contest" and there

was no finding he actually committed the crime. *See* Doc. 69 at 2; Doc. 111 at 1-2. Some of his other claims might also be construed to attack the validity of his 1995 conviction as well. *See, e.g.*, Doc. 104 at 1 (referring to "newly discovered evidence" about the "victims"). But, even assuming Stewart could show his 1995 conviction was invalid—and the Court is not suggesting he could—he would still have been required to register while the conviction existed, regardless of its validity. SORNA's registration requirement "turn[s] on an offender's conviction alone," a conviction Stewart "already had a procedurally safeguarded opportunity to contest." *Connecticut Dep't of Public Safety v. Doe*, 538 U.S. 1, 7 (2003). And a no-contest plea is a conviction, because it supports imposition of penal consequences—in Stewart's case, five years' probation and two revocations entailing 45 months' imprisonment. *See, e.g., United States v. Bridges*, 741 F.3d 464, 467-69 (4th Cir. 2014) (citing *Dickerson v. New Banner Inst., Inc.*, 460 U.S. 103, 113-14 (1983)).

Stewart alleges Rule 11 was violated in the change of plea hearing held on June 6, 2013. *See* Doc. 108 at 1-7. As Stewart later withdrew the guilty plea he entered at the conclusion of that hearing, any defect in the colloquy could not have affected his substantial rights. *United States v. Dominguez-Benitez*, 542 U.S. 74, 76 (2004); *United States v. Vonn*, 535 U.S. 55, 74-75 (2002).

Stewart contends that the filing of multiple charging documents, *see* Docs. 1,

43, 57, 63, 63-1, subjected him to (at least) double jeopardy. *See* Doc. 115 at 1-5; Doc. 124 at 1-5; Doc. 162 at 4 ("Terminated Counts"); Doc. 162 at 6. A defendant is not in jeopardy until the first witness is called at trial. *See Crist v. Bretz*, 437 U.S. 28, 35 (1978). Because Stewart pled guilty, he was never in jeopardy.

Stewart claims that a supervised release term of "five years to life" is "unconstitutional." The authorized term is set by 18 U.S.C. § 3583(k). It is not unconstitutional. *See United States v. Williams*, 636 F.3d 1229, 1233-34 (9th Cir. 2011).

Stewart makes several arguments that SORNA does not apply to him. He asserts that his 1995 conviction was incurred more than 15 years before he was charged in this case and before SORNA was enacted. *See* Doc. 111 at 1-2. A 15-year period may be significant, *see* 34 U.S.C. § 20915(a)(1), but, even if Stewart had been a Tier I offender,[1] he did not maintain a clean record for five years or remain out of custody for a total of 15 years before he was arrested for failing to register. *See id.* § 20915(a), (b)(1)(A), (C); Presentence Report ¶¶ 53-54. People convicted of sex offenses before SORNA's enactment were required to register at least as of January 28, 2011. *See* 75 Fed. Reg. 81849-01, 81852 (Dec. 29, 2010) (eff. Jan. 28, 2011). Stewart pled guilty to failing to register "from approximately

---

[1] A person convicted of abusive sexual contact in violation of 18 U.S.C. § 2244 is a Tier II offender with a 25-year registration requirement. *See* 34 U.S.C. §§ 20911(3)(A)(iv), 20915(a)(2).

11

March 2012, and continuing thereafter until approximately June 2012," more than a year after SORNA became applicable to him. SORNA applies to persons who fully discharged their sentences before it was enacted, provided they were subject to some registration requirement at the time of their conviction. *See United States v. Kebodeaux*, 570 U.S. 387, \_\_\_, 133 S. Ct. 2496, 2504-05 (2013); *United States v. Elk Shoulder*, 738 F.3d 948, 955-59 (9th Cir. 2013), *cert. denied*, \_\_ U.S. \_\_, 134 S. Ct. 1920 (Apr. 21, 2014). Stewart committed the underlying sex offense on March 9, 1995. At that time, the Wetterling Act of 1994 required him to register. *See* Doc. 69 at 3; *Kebodeaux*, 133 S. Ct. at 2501. Stewart refers to a Supreme Court ruling that SORNA is unconstitutional but gives only the date of the ruling, January 3, 2017. *See* Doc. 153 at 6; Doc. 160 at 1. The Court is not able to find a decision of that date and is not aware of any Supreme Court decision holding that SORNA is unconstitutional in any respect relevant to Stewart.

Finally, Stewart claims that appellate counsel was ineffective for failing to raise some or all of these arguments. *See* Doc. 141 at 1; Doc. 162 at 4, 5. As all of the arguments lack merit, so does the claim of ineffective assistance of appellate counsel.

## IV. Motion for Counsel

Stewart asks the Court to appoint counsel. *See* Doc. 160 at 1. Counsel may be appointed at any stage of the proceedings if "the interests of justice so require."

18 U.S.C. § 3006A(a)(2)(B). Here, however, there is no realistic prospect of success on the merits. *See Weygandt v. Look*, 718 F.2d 952, 954 ¶ 2 (9th Cir. 1983) (per curiam). Appointment of counsel is not warranted.

## V. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Stewart's claims do not meet the relatively low threshold required for a COA. He does not allege any facts suggesting his guilty plea was involuntary, and the judge who took his plea conducted an especially careful colloquy because Stewart had previously withdrawn his guilty plea. Stewart knew what his options were, there is no indication he was misinformed about anything, and he obtained a favorable plea bargain. Stewart had no defenses to a SORNA charge based on his tribal membership, treaty, or sovereignty. The United States was required to prove

beyond reasonable doubt that Stewart had been convicted of a sex offense, and it did prove that fact. There was sufficient evidence to convict him. Neither a court nor a probation officer needed to require Stewart to register because Congress and the Attorney General did so. Stewart is not entitled to challenge the validity of his 1995 conviction in this action. Any defect in the plea colloquy of June 6, 2013, is irrelevant because Stewart withdrew that guilty plea. Superseding charges prior to trial do not violate the Double Jeopardy Clause. Congress's authorization of supervised release for a term of five years to life is not unconstitutional.

None of Stewart's arguments that SORNA does not apply to him succeed. Even assuming he was a Tier I offender (and he was not), he did not maintain a clean record and stay out of custody for 15 years from the date of his sex offense conviction. He was required to register at least as of January 28, 2011, and he was charged in this case with failing to register between March and June of 2012. He was subject to a registration requirement under the Wetterling Act of 1994 when he committed the underlying sex offense. The Court is not aware of a Supreme Court decision holding that SORNA is unconstitutional.

Appellate counsel could not have been ineffective for failing to raise any of these arguments, as all lack merit.

Reasonable jurists would find no reason to encourage further proceedings. Stewart does not allege facts supporting an inference that he was deprived of a

constitutional right. *See* 28 U.S.C. § 2253(c)(2). A COA is not warranted.

Accordingly, IT IS HEREBY ORDERED:

1. Stewart's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (Docs. 69, 104, 107, 108, 111, 115, 124, 141, 144, 153, 162) is DENIED.

2. The motion for appointment of counsel (Doc. 160) is DENIED.

3. A certificate of appealability is DENIED. The Clerk of Court shall immediately process the appeal if Stewart files a Notice of Appeal.

4. The Clerk of Court shall ensure that all pending motions in this case and in CV 17-08-BLG-SPW are terminated and shall close the civil file by entering judgment in favor of the United States and against Stewart.

DATED this 21st day of February, 2018.

Susan P. Watters
United States District Court